W. J. DANIEL, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion Filed March 17, 1928.

*John H. Carter* and *James M. Daniel*, for Plaintiff in Error;

*Fred H. Davis*, Attorney General, and *Roy Campbell*, Assistant, for the State.

ELLIS, C. J.—The plaintiff in error was convicted upon an indictment which alleged that on the 6th day of July,

1926, he was an officer of a bank, to-wit: the cashier, and that he unlawfully and feloniously made, in a certain report of the condition of the bank at the close of business on June 30, 1926, a "certain false entry, under the head of 'Resources' in said report in the words and figures following, to-wit: 'Overdrafts $1153.19'; and which entry so made as aforesaid then and there purported to show, and did in substance and effect declare, that the amount of ovedrafts by depositors with the said bank as *shown by the books* of the said bank upon said day was the sum of $1153.19; Whereas, and the grand jurors aforesaid further say that the said entry so made as aforesaid was false, in this, to-wit: that the amount of overdrafts by depositors with the said bank as aforesaid as *shown by the books of the said bank was not in the sum last aforesaid,* but in a different and much greater sum, to-wit: a sum in excess of $2000.00; and that the said report aforesaid was then and there made to the Comptroller of the State of Florida in accordance with Section —— of the Revised General Statutes of Florida; and he, the said W. J. Daniel, cashier as aforesaid, then and there well knowing the *said entry* in *said report* to be then and there false as aforesaid, and thereby intending to injure and defraud the said banking corporation and divers other persons to the grand jurors unknown, and to deceive any officer or officers of said banking corporation, and any agent appointed by the Comptroller of the State of Florida to examine the affairs of said banking corporation." (Italics mine.)

There was a motion to quash the indictment upon the grounds that the allegations were vague and insufficient in law to constitute an offense under the statutes; that the allegations affirmatively show that the entry was not false but incorrect, and that the allegations of intent to deceive are too vague to constitute a "lawful charge" and fail to

apprise the defendant as to what officers of the bank or what agent of the Comptroller the defendant was charged with intending to deceive. The motion was overruled and the accused pleaded not guilty.

The motion should have been granted upon the ground first stated, namely: that no offense was charged.

The section of the Revised General Statutes of Florida under which the indictment was drawn is as follows:

"5150. (3315) Embezzlement of Bank Funds, etc.— Every president, cashier, director, teller, clerk or other officer or agent of any banking or trust company or corporation, doing a banking business in the State of Florida, who embezzles, abstracts, or wilfully misapplies any of the moneys, funds or credits of any banking or trust company or corporation, or who, without authority from the directors, issues or puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, assigns any note, bond, draft, bill of exchange, mortgage, judgment or decree; or who makes any false entry in any book, report or statement of any banking or trust company or corporation, with intent, in either case, to injure or defraud any such banking or trust company or corporation, body politic or corporate, or any individual person, or to deceive any officer of the banking or trust company or corporation, or any agent appointed to examine the affairs of the banking or trust company or corporation; and every person who with like intent aids or abets any officer, clerk or agent in any violation of this section, shall be deemed guilty of a felony and upon conviction shall be punished by imprisonment for not more than ten years."

That portion of the section which has any relation to the offense sought to be charged in this case denounces the offense of making by any officer of the bank of any "false entry in any book, report or statement of any banking or

trust company or corporation, with intent, in either case, to injure or defraud any such banking or trust company,'' etc. The title of the section is the ''Embezzlement of Bank Funds, Etc.'' The section defines the crime of making a false entry, by an officer of the bank, in any book, report or statement of the bank, with the intent to injure or defraud the corporation or any individual, or to deceive any officer of the bank, or any agent appointed to examine the affairs of the bank.

The indictment qualified the terms of the statute by alleging that the entry in the report of the bank's condition was false as ''shown by the books of said bank;'' that is to say, taking the books of the bank as furnishing the only evidence of the fact, the entry that the overdrafts amounted to $1153.19 was false, because such books showed the amount of overdrafts to be a sum in excess of $2000.00.

That is a *non sequitur*. It amounts to little more than the assertion of a conclusion which has no connection with the premises. Suppose the books did show actual overdrafts amounting to $2000.00 but there were actual deposits against which $846.81 of such overdrafts could be charged by the bank but had not been at the time of the report actually charged. Could it be said that the statement in the report contained such an element of harmful deception as to make it criminal within the meaning of the statute?

An overdraft is an asset of the bank; not as valuable perhaps as the money paid on the draft, if money was paid at all, but nevertheless an asset. The transaction may have consisted in charging one account and crediting another and by that means strengthened *pro tanto* the bank's financial condition to the amount of the overdraft. Particularly would that be true if the person's account against which the overdraft is charged is a better or more valuable

510

account than the one to whose credit the amount of the check was carried. In any case, the overdraft is an asset and so treated by bankers. If the assets of a bank are reported to be less than the books actually show them to be no one can be said to be injured when the fact is discovered. It often happens that valuable assets of a bank are "charged off" entirely or a great portion of their value is so handled. The books show the method of treating such assets. But when a statement is made by an officer to the Comptroller of the bank's condition no mention is made of the assets so "charged off," but which in fact exist as valuable assets and are shown by the books, may it be said that such a statement constitutes a crime within the meaning of the Act? We answer that question in the negative.

Such was in substance and fact the act charged against the plaintiff in error and we think that it constituted no crime and the indictment should have been quashed.

The judgment is reversed.

Strum and Brown, J, J., concur.

Whitfield, P. J., and Terrell and Buford, J. J., concur in the opinion and judgment.